877 So.2d 19 (2004)
Kelvin FRANKLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4568.
District Court of Appeal of Florida, Fourth District.
May 19, 2004.
Order Certifying Question July 14, 2004.
Rehearing Denied July 14, 2004.
*20 Evelyn A. Ziegler, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
A jury, which could have found appellant guilty of attempted second degree murder with a firearm, found him guilty of the lesser included offense of aggravated battery under an instruction given over his objection. Jury findings that he discharged a firearm and inflicted serious bodily injury increased the penalty for the aggravated battery so that it was no longer less than if he had been convicted of attempted second degree murder with a firearm. We agree with appellant that under these facts the aggravated battery was not a lesser included offense and reverse for a new trial.
This case, which involved several charges, arose out of a shooting into a vehicle which injured a person not in the vehicle. Count III, involving the injured bystander, was submitted to the jury on attempted second degree murder with a firearm, but the jury found appellant guilty of the purportedly lesser included offense of aggravated battery while discharging a firearm and causing serious bodily injury. Under section 775.087, Florida Statutes (2002), our 10-20-life statute, the findings that appellant discharged a firearm and caused serious bodily injury increased the penalty on aggravated battery so that it was not actually less than the penalty for the greater offense, attempted second degree murder with a firearm.
Appellant cites Ray v. State, 403 So.2d 956 (Fla.1981), in which our supreme court held that a lesser included offense, by definition, is an offense which carries a lesser penalty. The principle of Ray has been adopted in Standard Jury Instructions in Criminal Cases (97-2), 723 So.2d 123, 124 (Fla.1998) (Regarding Appendix to the Schedule of Lesser Included Offenses comment on Schedule of Lesser Included Offenses); Fla. Std. Jury Instr. (Crim.), Comment on Schedule of Lesser Included Offenses. Because the conviction for aggravated battery involving the discharge of a firearm and serious bodily injury does not carry a lesser penalty than attempted second degree murder, appellant argues that it is not a lesser included under Ray.
The only argument advanced by the state is that we should not consider an enhancement statute such as section 775.087(2) in determining lesser includeds, because an enhancement statute was not considered when lesser includeds were defined in Ray. We do not agree that this distinction makes any difference. One of the reasons for allowing juries to convict on lesser included offenses is to allow a jury to exercise its "pardon" power, State v. Wimberly, 498 So.2d 929, 932 (Fla.1986). Allowing the jury to exercise its "pardon" power gives the jury the opportunity to have the defendant receive a punishment which is less severe than the crime charged. State v. Baker, 456 So.2d 419 (Fla.1984). It follows that we must consider all applicable statutes when determining if a crime is a lesser included offense. Greene v. State, 714 So.2d 554, 557 (Fla. 2d DCA 1998) (maximum sentence is no longer determined only by the degree of the crime); Iseley v. State, 865 So.2d 580 (Fla. 5th DCA 2004) (court considered section 775.087(2) in determining whether aggravated assault with a firearm is a greater offense than aggravated assault with a deadly weapon).
Appellant also argues that there is no competent substantial evidence to support *21 the jury finding of serious bodily injury under section 775.087(2)(a)3, Florida Statutes. The essence of his argument is that not all bullet wounds are necessarily serious, giving the example of a slight grazing; however, the photograph of the victim in this case reflects a round scar in an area which would not be consistent with slight grazing. This was sufficient to support the finding of serious bodily injury.
We have considered the other issues raised and find them to be without merit. We therefore affirm the convictions on counts I and II, but reverse the conviction under count III for a new trial. Appellant states that on retrial he should be charged only with aggravated battery without a firearm, but he has given us no theory or authority to support that statement, and we accordingly decline to address that issue. He cannot, of course, be retried on any charge on which he was acquitted.
TAYLOR, J., concurs.
STONE, J., dissents with opinion.
STONE, J., dissenting.
I would affirm.
I can discern no reason to treat the jury's findings in the verdict form in this case any differently, for the purpose of applying a 10-20-life enhanced penalty, than such findings applied when determining other sentence enhancements. But for the jury's special verdict findings on the sentence enhancement issues, the conviction would be one of a lesser degree felony.
The jury was advised that the additional findings would subject the defendant to enhanced penalties. The jury was given the option of finding Franklin guilty of attempted second-degree murder with a firearm (with special additional findings as to discharge and injury), or lessers that included attempted second-degree murder or aggravated battery with a firearm (with special additional findings to be made as to whether a firearm was discharged and whether great bodily harm was inflicted.). The jury could have determined that the offense was committed without discharge or without great bodily harm. Were it not for the fact that we require jurors, rather than the court, to make enhancement findings, Franklin would have no argument. In my judgment, affirming on these facts is not inconsistent with Ray, 403 So.2d 956.

ON MOTION TO CERTIFY A QUESTION OF GREAT PUBLIC IMPORTANCE
KLEIN, J.
The state has requested, in its motion for rehearing, that we certify the question raised in this case as one of great public importance. We agree that we should because our decision will affect how juries are instructed in many cases, and because we are uncertain as to whether our resolution of this issue is required by Ray v. State, 403 So.2d 956 (Fla.1981), which defined lesser included offenses, but did not consider the effect of a statute such as section 775.087. We accordingly certify the following question as one of great public importance:
WHERE THE EVIDENCE WOULD SUPPORT FINDINGS UNDER SECTION 775.086, FLORIDA STATUTES, THAT RESULT IN THE PENALTY FOR AGGRAVATED BATTERY BEING THE SAME AS FOR ATTEMPTED SECOND DEGREE MURDER, IS AGGRAVATED BATTERY A LESSER INCLUDED OFFENSE OF SECOND DEGREE MURDER?
STONE and TAYLOR, JJ., concur.