931 So.2d 1055 (2006)
Byron TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3578.
District Court of Appeal of Florida, Fourth District.
June 28, 2006.
Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Taylor, convicted of attempted murder in the first degree with a firearm, asserts that he was deprived of his right to jury consideration of lesser-included offenses by the trial court's instructions and the verdict form. See Franklin v. State, 877 So.2d 19 (Fla. 4th DCA 2004). We affirm.
The jury was instructed:

*1056 In this case Byron Taylor is accused of Attempted Murder in the First Degree with a Firearm.
Attempted Murder in the First Degree with a Firearm includes the lesser crimes of Attempted Murder in the First Degree, Attempted Murder in the Second Degree with a Firearm, Attempted Murder in the Second Degree, Attempted Voluntary Manslaughter with a Firearm and Attempted Voluntary Manslaughter, and Aggravated Battery, all of which are unlawful.
The verdict form lists the charged offense and the lesser-included offenses; after each, the jury is instructed that if they find the defendant guilty of the particular offense, "you must answer the questions on the following page." That page asked the jury if, during the course of the crime committed, Taylor actually possessed a firearm, if so, during the course of the crime committed did Taylor discharge a firearm, and if so, during the course of the crime committed did Taylor inflict great bodily harm upon the victim as a result of the discharge of a firearm in Taylor's possession.
Defense counsel objected to the verdict form
[b]ecause it gives the  well, first of all, I'm also including to the wording of lesser included offense in here. I don't  I don't think that should be in here, because it is not making a difference. It is not making a difference at all. It is  every single one of these still carried  has a firearm attached to it. It is the same offense. . . . I think it is incredibly confusing, and I don't think it makes a lot of sense
The trial court responded, "I don't feel the verdict form is suggestive in any way, and I don't feel it is confusing in any way. . . . I think the objective here is to ensure that the jury is more precise in knowing what the jury's intention is. . . ."
Prior to the court charging the jury, defense counsel renewed the objection to the verdict form being confusing and as to the lesser-included offenses. The court invited defense counsel to provide a verdict form that she found acceptable and to explain the form in closing arguments. During the jury charge, the court read and explained the verdict form to the jury. The instructions made it clear that only if the jury found Taylor guilty of one of the crimes, as indicated on the verdict form, need it then answer the additional questions as to that crime.
There was no indication in the record of jury confusion. Further, this is not a case where the trial court failed to instruct on a lesser-included offense that is one step removed from that found. See State v. Abreau, 363 So.2d 1063 (Fla.1978). We note that Taylor's defense was that he shot the victim in self-defense.
"[A] trial court has wide discretion in instructing the jury, and the court's decision regarding the charge to the jury is reviewed with a presumption of correctness on appeal." James v. State, 695 So.2d 1229, 1236 (Fla.1997) (citation omitted).
Taylor argues on appeal that because the charged offense was subject to the 10-20-life statute, section 775.087(2)(a), Florida Statutes, the lesser-included offenses presented on the verdict form were not lesser offenses because they carried the same penalty as the charged offense if the jury found possession, discharge, and great bodily harm under the 10-20-life statute. See Franklin.
Taylor's objection as addressed to the trial court, however, was focused not on the discrete issue of law posed in Franklin, but appeared to be based on counsel's concern about jury confusion. Further, to the extent that Taylor claims that the objection at bar raises the same objection *1057 addressed in Franklin,[1] it was simply too generalized to alert the trial court to the substance of the objection.
We, therefore, conclude that this issue was not properly preserved for appeal. See Tillman v. State, 471 So.2d 32, 35 (Fla.1985).
Although Franklin may well be distinguishable, we need not address whether it applies on these facts. Because we do not reach the merits, we do not certify any issue to the supreme court.
FARMER and MAY, JJ., concur.
NOTES
[1] In Franklin, we reversed a conviction of a lesser-included offense, where the jury, which could have found the appellant guilty of attempted second-degree murder with a firearm, found him guilty of the lesser-included offense of aggravated battery. The jury found that he discharged a firearm and inflicted serious bodily injury. Under section 775.087, the 10-20-life statute, the penalty for the aggravated battery was increased so that it was no longer less than if he had been convicted of attempted second-degree murder with a firearm. We agreed that under the facts of that case, the aggravated battery was not a lesser-included offense. We further concluded that one of the reasons for allowing juries to convict on lesser-included offenses is to allow a jury to exercise its "pardon" power and that, in doing so, we must consider all applicable statutes. Franklin is currently under review in the supreme court.