POLEN, J.
Appellant, Steven Damico, appeals a final judgment and conviction for aggravated battery. Damico was charged with attempted first degree murder under the firearms enhancement statute. Following a jury trial, Damico was convicted of the lesser included offense of aggravated battery and sentenced to twenty-five’ years in prison. Damico raises eight points in this appeal, but we write to address only one of these' issues, whether aggravated battery is a permissive lesser included offense of attempted first degree murder with application of the firearms sentencing enhancement statute. Damico argues that aggravated battery, with application of the firearms enhancement statute, results in the same sentence as attempted first degree murder and therefore is not a permissive lesser included offense.
There are two types of lesser included offenses, necessary included offenses and permissive included offenses. See Moore v. State, 932 So.2d 524 (Fla. 4th DCA 2006). “Permissive lesser included category two offenses are those ‘which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence, which will include all attempts and some lesser degrees of offenses.’ ” Id. at 527 (quoting In re Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 596 (Fla.1981)). In Ray v. State, 403 So.2d 956 (Fla.1981), the Florida Supreme Court determined that a lesser included offense must be “a crime of lesser degree or one subject to a lesser penalty.” Id. at 961. Ray was decided prior to the existence of section 775.086, Florida Statutes, and Florida courts have questioned whether the sentencing enhancement statute should be taken into consideration when making this determination.
, In Franklin v. State, 877 So.2d 19, 20 (Fla. 4th DCA 2004), this court determined that all applicable sentencing statutes should be considered in determining what constitutes a lesser included offense. This court determined that one of the main reasons for allowing lesser included offenses is to allow a jury to exercise its pardon power by convicting the defendant of a lesser offense, i.e., one resulting in a lesser sentence, than the one initially charged. Id. This court certified the following question to the Florida Supreme Court:
*591 WHERE THE EVIDENCE WOULD SUPPORT FINDINGS UNDER SECTION 775.086[1] FLORIDA STATUTES, THAT RESULT IN THE PENALTY FOR AGGRAVATED BATTERY BEING THE SAME AS FOR ATTEMPTED SECOND DEGREE MURDER, IS AGGRAVATED BATTERY A LESSER INCLUDED OFFENSE OF SECOND DEGREE MURDER?
Id. at 21.[2]
However, under the facts of this case, we find it unnecessary to reach this question. In this case, with application of the 10-20-life statute, the maximum punishment for attempted first degree murder is life imprisonment, while aggravated battery is punishable by 25 years to life imprisonment. See §§ 775.087(1)(2), Fla. Stat. (2001). Damico was ultimately sentenced to 25 years in prison. We find that a sentence of 25 years to life is a lesser sentence than life, and therefore, aggravated battery is both lesser in degree and punishment than attempted first degree murder. We affirm.
KLEIN and MAY, JJ., concur.

. This statute was incorrectly cited in Franklin; the correct statute is § 775.087, Fla. Stat. (2001).

. The second district certified a similar question to the Florida Supreme Court in Sanders v. State, 912 So.2d 1286 (Fla. 2d DCA 2005). The supreme court recently answered the question in Sanders v. State, 944 So.2d 203 (Fla.2006) (finding that a lesser included offense does not need to be lesser in both degree and penalty than the charged offense).