955 So.2d 564 (2007)
STATE of Florida, Petitioner,
v.
Kelvin FRANKLIN, Respondent.
No. SC04-1523.
Supreme Court of Florida.
April 19, 2007.
Bill McCollum, Attorney General, Tallahassee, FL, Celia A. Terenzio, Bureau Chief and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, FL, for Petitioner.
Evelyn A. Ziegler, West Palm Beach, FL, for Respondent.
PER CURIAM.
We have for review Franklin v. State, 877 So.2d 19, 20 (Fla. 4th DCA 2004), in which the Fourth District Court of Appeal cited this Court's decision in Ray v. State, 403 So.2d 956 (Fla.1981), for the proposition that "a lesser included offense, by definition, is an offense which carries a lesser penalty." The Fourth District agreed with the appellant's argument below that because his conviction and enhanced sentence for aggravated battery involving the discharge of a firearm and serious bodily injury do not carry a lesser penalty than the charged offense of second-degree murder, the former is not a lesser included offense of the latter under Ray. See Franklin, 877 So.2d at 20. The Fourth District thus reversed the aggravated battery conviction but certified the following question of great public importance to this Court:
WHERE THE EVIDENCE WOULD SUPPORT FINDINGS UNDER SECTION *565 775.08[7], FLORIDA STATUTES, THAT RESULT IN THE PENALTY FOR AGGRAVATED BATTERY BEING THE SAME AS FOR ATTEMPTED SECOND DEGREE MURDER, IS AGGRAVATED BATTERY A LESSER INCLUDED OFFENSE OF SECOND DEGREE MURDER?
Id. at 21 (on motion to certify a question of great public importance). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
We stayed the present case pending our disposition of Sanders v. State, 944 So.2d 203, 204 (Fla.2006), in which we addressed the following similar certified question:
IN ORDER FOR AN OFFENSE TO BE A LESSER-INCLUDED OFFENSE, MUST IT NECESSARILY RESULT IN A LESSER PENALTY THAN EITHER THE PENALTY FOR THE MAIN OFFENSE OR THE NEXT GREATER OFFENSE ON THE VERDICT FORM?
In answering the question in the negative, we clarified that "Ray does not require that the lesser included offense be lesser both in degree and in penalty." Sanders, 944 So.2d at 207. We thus directed the respondent in the present case to show cause why we should not exercise our jurisdiction, summarily quash the decision being reviewed, and remand for reconsideration in light of our decision in Sanders. Upon consideration of the respondent's response, we have determined to do just that.
We accordingly grant the petition for review in the present case, quash the decision under review, and remand this matter to the Fourth District Court of Appeal for reconsideration upon application of this Court's decision in Sanders.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.