POLEN, J.
 

 Appellant, Michael Carter, appeals the trial court’s order adjudicating him guilty of fleeing and eluding (Count I), resisting an officer with violence (Count II), and battery on a law enforcement officer (Count IV). This court has jurisdiction. Fla. RApp. P. 9.140(b)(1)(A).
 

 On the morning of November 5, 2006, Officers Herb and Warshaw were manning a traffic detail. Officer Herb’s radar indicated that a vehicle driven by Carter was speeding at which point the officers pulled out behind the car to follow it. The officers never activated the lights or the siren until they were pursuing Carter through an intersection. While the officers pursued the car, Carter sped up, ran a red light, and ultimately crashed into a metal railroad crossing. At that point, Carter exited the vehicle and ran and Officer Warshaw pursued him on foot.
 

 The chase proceeded into a residential area, and Officer Warshaw finally caught up with Carter as Carter tried to climb over a chain link fence. Officer Warshaw grabbed Carter by his back, and Carter swung at Officer Warshaw with his elbows and hit him a couple of times. Officer Warshaw tried to get Carter to the ground, but Carter continued to resist.
 
 *107
 
 Officer Herb approached, told Carter to lie on the ground and show his hands, but Carter refused. Officer Herb administered his taser twice before Carter succumbed to the officers. As Officer War-shaw was helping Carter stand up, he felt Carter jerk him forward in an attempt to escape again. Officer Herb kicked Carter in the chest and arrested him.
 

 At trial, when the judge reviewed the proposed jury instructions, defense counsel objected to an instruction for Count IV, resisting a law enforcement officer with violence. The instruction stated that “an arrest constitutes lawful execution of a legal duty” and defense counsel argued that this instruction relieved the state from having to prove one of the elements of the crime charged. The trial court overruled the objection. On appeal, Carter argues the jury instruction constitutes reversible error because the court relieved the state from proving an element of the crime charged, and the state argues the given jury instruction was correct.
 

 “[A] trial court has wide discretion in instructing the jury, and the court’s decision regarding the charge to the jury is reviewed with a presumption of correctness on appeal.”
 
 Taylor v. State,
 
 931 So.2d 1055, 1056 (Fla. 4th DCA 2006) (citing
 
 James v. State,
 
 695 So.2d 1229, 1236 (Fla.1997)).
 

 Defense counsel relied on
 
 Tillman v. State,
 
 934 So.2d 1263 (Fla.2006) below to support his proposition that the state must prove that the officers were lawfully executing a legal duty and that the court cannot relieve the state of that burden by instructing the jury that an arrest is the lawful execution of a legal duty. The trial court disagreed with defense counsel’s interpretation of
 
 Tillman
 
 explaining that the case applies only to non-arrest situations, that the present case is an arrest case, and the state maintains that interpretation on appeal.
 

 In
 
 Tillman,
 
 the Florida Supreme Court explained that section 776.051, which forecloses the defense of justifiable force by a defendant charged with resisting arrest, is limited in scope to arrest scenarios. 934 So.2d at 1269-71. In other words, in non-arrest scenarios, a defendant may still argue justifiable force to avoid a battery charge.
 
 See id.
 
 The Court discussed section 843.01, at issue in the present case, as well. Section 843.01, Florida Statutes (2005), defines the crime of resisting an officer with violence:
 

 Whoever knowingly and willfully resists, obstructs, or opposes any officer ... in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer ... is guilty of a felony of the third degree....
 

 But the
 
 Tillman
 
 Court also reiterated that Florida courts consistently hold that in arrest scenarios, section 776.051 applies to relieve the state of the burden of proving that the arrest was lawful. 934 So.2d at 1270, n. 4.
 

 Carter was charged with resisting an officer with violence for elbowing the officer while he was pulling Carter off of the fence from behind. Under
 
 Tillman,
 
 the officers in the present case were effecting an actual arrest. Accordingly, the state was not required to prove the lawful execution of a legal duty by the officer, and the trial court did not err in instructing the jury otherwise.
 

 Affirmed.
 

 GROSS, C.J., and HAZOURI, J, concur.