DAMOORGIAN, J,
 

 Timothy Motes timely appeals his conviction and sentence for resisting arrest with violence. The issue on appeal is whether the trial court erred in denying Motes’s motion for judgment of acquittal on this charge. After reviewing this issue de novo, we conclude that the trial court did not err.
 
 See McGee v. State,
 
 19 So.3d 1074, 1076 (Fla. 4th DCA 2009) (a de novo standard of review applies to a motion for judgment of acquittal). We therefore affirm.
 

 Motes was charged with battery on a law enforcement officer and resisting an officer with violence. The charges arose out of an officer’s attempt to evict Motes from his motel room. After the trial court denied Motes’s motion for judgment of acquittal on both charges, the jury found him guilty of resisting arrest with violence and not guilty of battery on a law enforcement officer.
 

 Motes argues that he was entitled to a judgment of acquittal because the arresting officer’s warrantless entry into his motel room violated his Fourth Amendment right to privacy; thus, the State did not prove that the arresting officer was engaged in the lawful performance of a legal duty when Motes resisted arrest with violence.
 
 See
 
 § 843.01, Fla. Stat. (2007) (as an element of resisting arrest with violence, the State must prove that the officer was engaged in the lawful execution of a legal duty). The State responds that the arresting officer properly entered the motel room to evict the appellant pursuant to the motel manager’s instructions, and that there were exigent circumstances justifying the entry without a warrant.
 

 Where violence occurs
 
 during an arrest,
 
 and the defendant is charged with resisting an officer with violence, the State is not required to prove that the arrest was lawful.
 
 See
 
 § 776.051(1), Fla. Stat. (2007) (“A person is not justified in the use of force to resist an arrest by a law en
 
 *303
 
 forcement officer who is known, or reasonably appears, to be a law enforcement officer.”);
 
 see also Tillman v. State,
 
 934 So.2d 1263, 1270 n. 4 (Fla.2006) (“In arrest situations, Florida courts have consistently read section 776.051(1)
 
 in pari materia
 
 with the offenses described in sections 784.07(2) and 843.01 and, in so doing, have not required the State to prove that the arrest was lawful.”),
 
 superseded by statute on other grounds,
 
 § 776.051(1), Fla. Stat. (2008);
 
 Carter v. State,
 
 6 So.3d 106, 107 (Fla. 4th DCA 2009).
 

 Here, Motes was charged with resisting an officer by kicking and striking him during the arrest. The officer’s clothing displayed a Broward Sheriffs Office logo and the officer had previously announced that he was a police officer. Pursuant to section 776.051(1), the appellant was not justified in resisting the arresting officer with violence regardless of the legality of the arrest.
 

 Affirmed.
 

 WARNER and LEVINE, JJ., concur.