436 So.2d 447 (1983)
Garry STRAHORN, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1604.
District Court of Appeal of Florida, Second District.
August 31, 1983.
William B. Plowman, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ann Garrison Paschall, Asst. Atty. Gen., Tampa, for appellee.
*448 LEHAN, Judge.
Defendant appeals his conviction and sentence for attempted manslaughter and shooting into an occupied vehicle. We affirm in part and reverse in part.
The charges against defendant arose out of an incident which began on the evening of November 3, 1981, when an officer of the Pinellas Park Police Department observed defendant and another person, Joseph Acquaviva, getting into a van in the parking lot of a bar. Acquaviva was driving. Because the officer had recently stopped Acquaviva on a traffic violation and believed that his driver's license was suspended, the officer followed the van. The officer signaled the van to stop, using lights and sirens, but the vehicle did not heed the signals. The officer notified other local law enforcement departments that he was in pursuit, and Officer Culberson of the Kenneth City Police Department joined the chase. While directly behind the van in pursuit, Officer Culberson radioed for assistance, stating that he had been fired upon.
At trial Officer Culberson testified that he had seen an arm come out of the passenger's side of the van and that he observed two muzzle flashes, followed by two loud thumps or "pangs," and the appearance of two damaged areas, on his windshield. He stated that something hit the windshield but ricocheted off and never penetrated the window. Officer Culberson testified that he did not hear any gunshots.
The van finally stopped, either because, according to a police officer, it was forced off the road by one of the police cars or because, according to the defendant and Acquaviva, the defendant reached over and removed the keys from the ignition. No gun was found in the van or on the person of the defendant or Acquaviva. Officer Culberson testified that he saw nothing thrown from the van during the chase after he observed what he thought were gunshots.
When the van was searched, a wallet was found on the dashboard area with two credit cards inside which were not in the name of either defendant or Acquaviva.
Prior to trial, defendant filed a motion to produce the damaged windshield and a motion in limine requesting that no evidence be admitted at trial concerning what an officer said were stolen credit cards. Both motions were granted. Subsequently, however, the defendant was notified that the windshield had been destroyed when it was removed from the police car. Due to that destruction, the defendant filed a motion to dismiss the charges, which was denied. Also, notwithstanding the motion in limine, testimony regarding the credit cards was admitted into evidence at trial.
Defendant was tried by jury for attempted murder in the first degree and shooting into an occupied vehicle. Defendant was convicted of attempted manslaughter and shooting into an occupied vehicle. The trial court sentenced defendant to fifteen years imprisonment on each charge, to be served concurrently, with a three year minimum mandatory sentence on the conviction of attempted manslaughter pursuant to section 775.087(2), Florida Statutes (1981).
Defendant's first point on appeal is that the destruction of the windshield constituted a denial of defendant's constitutional rights to confrontation and due process. Prior to the destruction of the windshield, the state had performed a sodium rhodizonate (lead) test. At trial the person who performed the test testified that neither of the two damaged areas on the windshield were positive for the presence of lead. Her opinion was that it was just as conceivable that a stone had caused the damage to the windshield as a bullet. In addition to her testimony, photographs that she had taken of the damaged windshield were admitted into evidence. Those photographs showed a ruler next to the damaged areas to indicate the size of the indentations.
Defendant claims that he was prejudiced by the destruction of the windshield because he was prevented from rebutting the state's assertions that the indentations were made by a bullet and was prevented from conducting his own tests *449 which might have proven that the marks had been caused by pebbles or some foreign object other than bullets. The defendant claims that he was denied his Sixth Amendment right of confrontation. We disagree. As this court noted in State v. Armstrong, 363 So.2d 38, 39 (Fla. 2d DCA 1978), the Sixth Amendment confrontation provision "is by its terms restricted to `witnesses' and does not encompass physical evidence as well."
Defendant also claims that the destruction of the evidence violated his right to due process. In Adams v. State, 367 So.2d 635 (Fla. 2d DCA 1978), this court discussed the criteria for determining when failure of the state to produce evidence requires the reversal of a conviction. The court stated that when the destruction of evidence was less than a flagrant and deliberate act done in bad faith, the conviction may be overturned only if the record shows that the defendant's case was prejudiced by the omission of the nonpreserved evidence. See also State v. Snell, 391 So.2d 299 (Fla. 5th DCA 1980). In this case, the defendant does not contend, and we do not find, that the state deliberately destroyed the windshield or acted in bad faith. Thus, the question is whether defendant's case was prejudiced by the destruction of the evidence. We do not find that it was. Defendant had the benefit of the test results conducted by the state which, if not favorable to defendant, were at least neutral because the tests did not indicate the presence of lead on the windshield. The defendant was also able to cross-examine the person who had conducted the tests and to use the photographs which had been taken of the damaged windshield. Defendant has not shown that an examination of the windshield by his own experts would have produced results any more favorable to him than the state's testing did. The mere possibility that nonpreserved evidence might have helped the defendant is not a sufficient showing of prejudice. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2932, 49 L.Ed.2d 342 (1976); State v. Sobel, 363 So.2d 324 (Fla. 1978).
Defendant's second point on appeal is that the trial court erred in permitting the admission of testimony pertaining to the credit cards that belonged to neither Acquaviva nor defendant. The admission of this testimony was, at most, harmless error because there was no evidence or testimony at trial that defendant had anything to do with the cards or even had any knowledge that the cards were present. No one was permitted to testify that the cards were stolen. All evidence connected the cards with Acquaviva. Therefore, we do not find that the testimony about the credit cards should be considered evidence of a crime committed by defendant other than the crime for which he was on trial, admission of which is controlled by section 90.404(2)(a). Florida Statutes (1981), and Williams v. State, 110 So.2d 654 (Fla. 1959).
Defendant's third issue on appeal is that the trial court erred in denying his motion for judgment of acquittal based on the insufficiency of the evidence. We do not find error in the denial of the judgment of acquittal. As his fourth point on appeal, defendant objects to a jury instruction that was given at trial, but defendant did not preserve that point by a timely objection in the trial court and is, therefore, not entitled to raise it on this appeal.
Defendant's last issue on appeal is that the trial court erred in imposing a three year minimum mandatory sentence for the conviction of attempted manslaughter because manslaughter is not included in the offenses enumerated in section 775.087(2), Florida Statutes (1981), as requiring the three year minimum mandatory sentence. We agree that manslaughter is not considered to be included within the category of "any murder" listed in that statute. Jones v. State, 356 So.2d 4 (Fla. 4th DCA 1977); Rozier v. State, 353 So.2d 193 (Fla. 3d DCA 1977). Therefore, we reverse and remand to the trial court for entry of a sentence which omits the three year mandatory sentence.
*450 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR ENTRY OF CORRECTED SENTENCE.
HOBSON, A.C.J., and SCHOONOVER, J., concur.