EDWARDS, Judge.
Woodrow Joseph Wisham, born August 16, 1972, was adjudged a neglected child in 1973 and placed in the temporary custody of the Division of Family Services, Louisiana Health and Social and Rehabilitation Services Administration.
In 1983, the State of Louisiana sought to terminate the parental rights of Woodrow’s mother, Rose Mae Price, under the provisions of LSA-R.S. 13:1601(B), (D) and (F). Essentially, the State alleged Ms. Price to be an unfit mother.
Following a lengthy hearing, at which the trial judge closely questioned Ms. Price on many of her child rearing practices, he found Woodrow’s mother not to be unfit and, in oral reasons issued from the bench, expounded thereon at length. The State has appealed, its sole claim being that the trial court erred in its decision.
The United States Supreme Court has decreed, Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), and Louisiana has statutorily provided, LSA-R.S. 13:1603, that parental rights may not be terminated absent evidence found to be at least clear and convincing.
For us to reverse the trial court’s decision, we would have to find that the lower court was clearly wrong in not find *367 ing the State’s evidence to have been clear and convincing. Such a standard of review raises an almost insurmountable barrier to the State when it loses a case such as this at trial. It is akin to the State, were it permitted, claiming that a jury, based on the facts, should have found a defendant guilty.
A searching review of the entire record reveals not only that the State fell woefully short of proving its case, but that the experienced trial judge was absolutely correct in his decision. There was no real evidence of parental unfitness. To the contrary, the State’s own witnesses showed Ms. Price to be adequately raising five other children.
For the foregoing reasons, the judgment appealed from is affirmed. Costs of this appeal are assessed against appellant in the amount of $50.00.
AFFIRMED.