ALTENBERND, Chief Judge.
We affirm the trial court’s order denying Santos Rincon’s motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We comment, however, on one issue.
The trial court denied Mr. Rin-con’s claim that his sentence was illegal. Mr. Rincon maintained that his three-year minimum mandatory term of imprisonment was not authorized by statute. The trial court ruled that an illegal sentence cannot be challenged by postconviction motion and that the issue must be preserved and raised on direct appeal. This is incorrect. See Súber v. State, 827 So.2d 1043 (Fla. 2d DCA 2002). Nevertheless, we affirm because Mr. Rincon disclosed that he was convicted of both manslaughter and aggravated battery. Although the minimum mandatory term would be illegal for the manslaughter conviction, see Strahom v. State, 436 So.2d 447 (Fla. 2d DCA 1983), it is authorized for an aggravated battery conviction. See § 775.087(2)(g), Fla. Stat. (1995).
In the event that Mr. Rincon still maintains that his sentences are illegal, this affirmance is without prejudice to any right Mr. Rincon might have to file a motion pursuant to Florida Rule of Criminal Procedure 3.800(a) challenging the legality of the sentences.
Affirmed.
CASANUEVA and STRINGER, JJ., Concur.