PER CURIAM.
 

 Jamar Green, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), raises two grounds alleging ineffective assistance of appellate counsel. We grant the petition as it relates to one of the grounds, and we deny, without comment, the remaining ground.
 

 Green was convicted after jury trial of trafficking in cocaine in an amount of 28 grams or more but less than 200 grams in violation of section 893.135(l)(b)(l)(a), Florida Statutes (2003); misdemeanor possession of cannabis in violation of section 893.13(6)(b); and possession of ten or more counterfeit bills in violation of section 831.08, Florida Statutes (2003). The offense of trafficking in cocaine was reclassified from a first-degree felony to a life felony pursuant to section 775.087(l)(a), Florida Statutes (2003). Section 775.087(l)(a) provides for reclassification of the level of the offense where the defendant is convicted of a felony, except a
 
 *657
 
 felony where the use of a firearm or weapon is an essential element of the offense, and during the commission of the felony he carries, displays, uses, threatens to use, or attempts to use any weapon or firearm. The judgment and sentences were affirmed on direct appeal. Green
 
 v. State,
 
 940 So.2d 431 (Fla. 2d DCA 2006) (table decision).
 

 The testimony at trial established that detectives from the Hillsborough County Sheriffs Office were surveilling the apartment where Green lived with his wife, Carla Green, prior to executing a warrant which authorized them to search the Greens’ residence as well as the curtilage and any vehicles or persons found thereon. While they were watching, Green exited the apartment and walked towards his pickup truck, which was parked in the lot right in front of the apartment. Three of the detectives testified that they did not see anything in Green’s hands. The fourth detective testified that she did not know if Green had anything in his hands. Detective Harrel testified that, prior to the ensuing arrest, Green opened the door to the truck and leaned inside. The other detectives were unsure if Green even managed to open the door to the truck before he was arrested. Detective Wright-Garfield found a trafficking amount of cocaine in a plastic bag on top of the center console of the truck. When she lifted the lid to the console, the detective discovered a handgun and a misdemeanor amount of cannabis inside. Counterfeit bills and a minor amount of cocaine were found inside the apartment. There was testimony from the detectives that they did not see Green display, use, threaten to use, or attempt to use a firearm.
 

 In the second ground in the petition, Green contends that it was fundamental error to convict him of an uncharged offense. Green was charged by information with armed trafficking in cocaine in that he was alleged to have been “in actual or constructive possession of 28 grams or more but less than 200 grams of Cocaine ... and during the commission of the felony, the defendant
 
 carried, displayed, used, threatened, or attempted to use any 'weapon or firearm.”
 
 (Emphasis added.) The jury was given five choices on the verdict form in relation to count one. The jury checked verdict A, which read: “The defendant is guilty of Armed trafficking in Cocaine
 
 [1]
 
 (28 to 200 grams)
 
 (Actually Possessing Firearm)
 
 as charged.” (Emphasis added.) Following the jury’s verdict, the level of offense for the trafficking conviction was reclassified to a life felony pursuant to section 775.087(l)(a). The basis of Green’s claim is that it was fundamental error to reclassify the level of offense based on the jury’s finding that he actually possessed a firearm where the information did not charge that he actually possessed a firearm.
 

 The verdict form confused subsections (1) and (2)(a)(l) of section 775.087. In order to reclassify the level of offense of trafficking in cocaine pursuant to section 775.087(l)(a), the State must first allege, as was done in count one of the information, that during the commission of the offense, the defendant carried, displayed, used, threatened to use or attempted to use any weapon or firearm. However, pursuant to section 775.087(2)(a)(l), a ten-
 
 *658
 
 year mandatory minimum is applicable to certain enumerated offenses where, during the commission of the offense, the defendant “actually possessed” a firearm. Here, verdict A on the verdict form contained language pertaining to a violation of section 775.087(2)(a)(l) in that the jury was asked to find whether Green actually possessed a firearm during the commission of the offense of trafficking in cocaine. This finding was then improperly used to reclassify the level of the offense pursuant to section 775.087(l)(a) when the jury made no finding that Green carried, displayed, used, threatened to use, or attempted to use a firearm.
 

 Green is correct in his assertion that the information did not charge that he was in actual possession of a firearm
 
 [2]
 
 during the commission of the trafficking offense. As a general rule, it is a violation of due process and therefore fundamental error to convict a defendant of a crime not charged in the information or indictment.
 
 See Crain v. State,
 
 894 So.2d 59, 69 (Fla.2004). In
 
 Chambers v. State,
 
 975 So.2d 444 (Fla. 2d DCA 2007), a case decided after the issuance of the mandate in the present case,
 
 [3]
 
 this court noted the general rule as outlined in
 
 Crain.
 
 The
 
 Chambers
 
 court then further concluded: “Thus, it is fundamental error to allow a defendant to be convicted of a crime for which he was not charged and for which the defendant had no legal or strategic justification to include on the verdict form.”
 
 Id.
 
 at 450. Even though a sentencing enhancement under section 775.087(2)(a)(l) would have been less punitive in this instance than a reclassification of the level of offense of trafficking in cocaine, there was no justification for the State to include the uncharged sentencing enhancement on the jury verdict where there was insufficient evidence to support the reclassification under section 775.087(l)(a). In
 
 Hodges v. State,
 
 878 So.2d 401 (Fla. 4th DCA 2004), the Fourth District concluded that appellate counsel was ineffective in not arguing that the trial court fundamentally erred where the jury instruction for kidnapping allowed the jury to convict Hodges if it found that he committed an act that was not charged in the information. The court held that it constitutes fundamental error to convict a defendant of an uncharged crime.
 

 The error in this case was compounded by the instructions given to the jury. To reclassify the level of a felony pursuant to sections 775.087(l)(a), (b), and (c), the standard jury instructions require that the jury be instructed that the State must prove that the defendant either carried, displayed, used, threatened to use, or attempted to use a firearm. Fla. Std. Jury Instr. (Crim.) 3.3(a). Here the jury was instructed: “If you find that during the
 
 *659
 
 trafficking the defendant was armed or armed himself with a firearm or other dangerous weapon, you should find him guilty of trafficking while armed.” Thus the jury was not properly instructed with regard to a reclassification pursuant to section 775.087(l)(a). Based on this instruction, the jury could have found that the petitioner was “armed” with a firearm because he had a gun in the closed console of his vehicle.
 

 We agree with Green that his appellate counsel was ineffective in failing to argue that the trial court fundamentally erred in reclassifying the level of offense pursuant to section 775.087(l)(a) based on the jury finding that Green actually possessed a weapon when the information did not charge that Green actually possessed a weapon.
 
 [4]
 
 Accordingly, we grant the petition as it relates to this claim. Because a new appeal would be redundant in this instance, we remand to the trial court to strike the reclassification of the offense level of trafficking in cocaine.
 
 See Safrany v. State,
 
 895 So.2d 1145, 1147 (Fla. 2d DCA 2005). The trial court shall then resentence Green for the offense of trafficking in cocaine, a first-degree felony.
 

 Petition denied in part and granted in part.
 

 FULMER, SILBERMAN, and KELLY, JJ., concur.
 

 [1]
 

 . There is no separate substantive offense of armed trafficking in cocaine. The term “armed trafficking in cocaine” is used when the defendant is charged with trafficking in cocaine and it is further alleged that he either carried, displayed, used, threatened to use, or attempted to use a weapon or firearm during the commission of the trafficking offense thereby providing the basis for the reclassification of the level of offense from a first-degree felony to a life felony.
 

 [2]
 

 . For purposes of imposing a minimum mandatory sentence pursuant to section 775.087(2)(a)(l), ''possession” of a firearm is defined as "carrying it on the person” or by having it "within immediate physical reach with ready access with the intent to use the firearm during the commission of the offense.” § 775.087(4). Thus, not only was actual possession of a firearm not charged, it would appear that there was insufficient evidence adduced at trial to enhance Green's sentence pursuant to section 775.087(2)(a)(l). Regardless, there was no basis upon which to reclassify the level of offense pursuant to section 775.087(l)(a) where there was no evidence that Green carried, displayed, used, threatened to use, or attempted to use a firearm. In fact, as noted, the detectives testified at trial that they did not observe him engaging in these behaviors.
 

 [3]
 

 . Although the opinion in
 
 Chambers
 
 issued after Green's direct appeal was decided, and we must apply the law at the time of the direct appeal to determine whether counsel's performance was deficient, we must apply the current law to determine whether Green is now entitled to relief on the issue raised.
 

 [4]
 

 . The trial court also fundamentally erred in reclassifying the level of offense pursuant to section 775.087(l)(a) when there was no evidence presented establishing that Green either carried, displayed, used, threatened to use, or attempted to use a firearm. The instruction given to the jury in regard to the reclassification was not the standard instruction and it would appear to be fundamentally erroneous. However, Green did not argue that appellate counsel was ineffective in failing to raise these two issues.